IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CAREY FAUST,<br><br>        Plaintiff<br><br>VS.<br><br>BILL MASSEE, *et al*.,<br><br>        Defendants | NO. 5:04-CV-410 (WDO)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Plaintiff CAREY FAUST is an inmate in the custody of the State of Georgia. He has sued defendants BILL MASSEE, LT. JEFF PERRY, JOANN ADAMS, and BETH EUBANKS, alleging that the defendants violated his constitutional rights while he was incarcerated at Baldwin County Jail (Baldwin) in Milledgeville, Georgia. Plaintiff, a quadriplegic, alleges the jail was not equipped to accommodate his handicap, that he was not provided with equipment to assist with his urinary and bowel problems, and that defendant Eubanks failed to properly treat a bed sore on his hip.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #29. The motion is supported by a brief, affidavits, and medical records. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #31. The plaintiff has filed a response to the defendants' motion. Tab #32. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION
## 1. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[2] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

---

[2]At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying</u> <u>medical</u> <u>evidence</u> <u>in</u> <u>the</u> <u>record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In support of their motion for summary judgment, the defendants have submitted portions of the plaintiff's medical records, and the affidavit of defendant Eubanks. The medical records and affidavit indicate that defendant Eubanks was not deliberately indifferent to plaintiff's serious medical needs.

On June 4, 2004, defendant Elizabeth Eubanks, a Registered Nurse who serves as Health Services Administrator of the Baldwin County Jail, was called because plaintiff was complaining that he needed specific medication and medical equipment. Defendant Eubanks then contacted Baldwin State Prison and Phillips State Prison, where plaintiff had recently been incarcerated, to inquire as to any special medications and equipment he needed. She was informed that at Phillips, plaintiff was prescribed a lift bar or a special toilet chair. Defendant Eubanks was also informed plaintiff transferred himself from his wheelchair to the toilet without any special equipment and that he was regularly provided with gloves and lubricating agents for use with his bowel movements. Tab #29, Exhibit C, Attachment.

That same day, the medical staff began treating plaintiff's bed sore with four different types of medication. Additionally, defendant Eubanks changed the dressing on the sore after plaintiff was examined by Dr. Theron. The bed sore was noted to be about the size of an eraser on a standard pencil. Plaintiff never complained of any other wounds. *Id*.

After treating plaintiff on June 4, 2004, defendant Eubanks left for a prescheduled vacation and did not return until after plaintiff left the jail on June 9, 2004. *Id*.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care. Significantly, plaintiff has failed to submit any medical evidence to supports his contention that his treatment fell below applicable medical standards and constitutionally adequate standards of care. He simply disagrees with the defendants' treatment of his medical problems.

In the court's view, plaintiff FAUST has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his medical complaints. The record is replete with indications that treatment has been afforded the plaintiff. Therefore, defendant Eubanks is entitled to summary Judgment on this claim.

### 2. ADA Claim

Plaintiff claims that he was placed in cell that was not handicapped equipped. He also complains that he was transported to Baldwin in van that was not wheelchair accessible. He states that these conditions violate the Americans with Disabilities Act (ADA).

The ADA is applicable to state prisons and state prisoners. *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206 (1998).

To establish a claim under Title II of the Americans with Disabilities Act (ADA), a plaintiff must show that (1) he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services; and (3) such exclusion or discrimination was by reason of his disability.  42 U.S.C. §12132.

In the present case, plaintiff cannot show that he was deprived of a service due to his disability.  Defendant Perry does aver that plaintiff was initially transported in a non-wheelchair accessible van.  However, as soon as this was brought to his attention, plaintiff was then transported in a wheelchair accessible van.  Tab #29, Exhibit B.  Further, while plaintiff was at Baldwin, he was housed in H-dormitory which contains the handicapped cells of the jail.  The cells in H-dormitory are larger than normal cells.  Moreover, the showers contain two heads and assist rails and the toilet also contains assist rails. These cells are compliant with ADA regulations.  Because plaintiff cannot show that he was deprived of a service due to his disability, his ADA claim must fail and the defendants are entitled to summary judgment on this claim.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #29) be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 7th day of JULY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE